**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL DOMINGUEZ-RUEDA, | No. 13-71114 |
| Petitioner, | Agency No. A089-852-940 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Abel Dominguez-Rueda, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").   We have

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        **        The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and deny the petition for review.

Dominguez-Rueda does not challenge the agency's dispositive determination that his asylum application was untimely and he failed to establish an exception to the one-year deadline. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (issues not supported by argument are deemed abandoned). Thus, we deny the petition as to his asylum claim.

Dominguez-Rueda does not contend he suffered past persecution, but contends he will be persecuted if returned to Mexico. Substantial evidence supports the agency's determination that Dominguez-Rueda did not establish a nexus between any harm he fears and a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008) (under the REAL ID Act, an applicant must prove a protected ground is at least "one central reason" for persecution); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, is not tantamount to persecution based on a protected ground). Thus, his withholding of removal claim fails.

Finally, substantial evidence also supports the agency's denial of

Dominguez-Rueda's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**